JAP:MMH

**13M128**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

EVIDAL IFRAIMOV and
KARINA SIGALOVSKAYA,

                  Defendants.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

M. No. _____
(18 U.S.C. §§ 2251(a) and
2252(a)(4)(B))

EASTERN DISTRICT OF NEW YORK, SS.:

    ABIGAIL P. BRADEN, being duly sworn, deposes and says that she is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

    On or about and between December 6, 2011 and June 7, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EVIDAL IFRAIMOV and KARINA SIGALOVSKAYA did knowingly and intentionally employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials, that had been mailed,

shipped and transported in and affecting interstate and foreign commerce.

(Title 18, United States Code, Section 2251(a)).

On or about and between December 6, 2011 and June 7, 2012, both dates being approximate and inclusive, within the Eastern District of New York, the defendants EVIDAL IFRAIMOV and KARINA SIGALOVSKAYA did knowingly and intentionally possess matters containing one or more visual depictions, which visual depictions had been mailed, shipped and transported using a means and facility of interstate and foreign commerce, and which were in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B))

The source of my information and the grounds for my belief are as follows:[1]

---

[1] Because the purpose of this complaint is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

2

1. I have been employed as a Special Agent with HSI since 2005, and am currently assigned to the Child Exploitation Group ("CEG"). I have been assigned to investigate violations of criminal law relating to the sexual exploitation of children. I have gained expertise in the conduct of such investigations through training in seminars, classes, and daily work related to conducting these types of investigations, including the execution of multiple search warrants and arrest warrants relating to child pornography offenses and the subsequent prosecution of offenders. As part of my responsibilities, I have been involved in the investigation of numerous child pornography cases and have reviewed thousands of photographs depicting children (less than eighteen years of age) being sexually exploited by adults.

2. I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

## THE NEW YORK CITY POLICE DEPARTMENT INVESTIGATION

3. In December 2011, a Detective with the New York City Police Department ("NYPD") launched a computer program that allowed the detective to access the peer-to-peer ("P2P") networks, which can also be used by P2P file sharing software users.[2] The computer software used to access the P2P networks has been enhanced to permit downloading from a single source (as opposed to multiple users), browse files that the P2P users offer for distribution, and display geographic locations of the IP addresses offering such files. At this time, the Detective observed that a computer located at IP address 173.56.113.247 was offering for browsing and download files for which the SHA-1 values[3] were known by law enforcement to match child pornography

---

[2] "Peer to Peer" (also known as "P2P") is a file sharing program that allows people to exchange documents and files between computers. Many of the software programs are available for free on the Internet. When installed, the P2P program allows the installer to designate certain files to share, generally placed in a "shared folder." The files located in the "shared folder" are accessible to anyone who uses the same program by simply searching for specific files and downloading the files. As further detailed below, with regard to the proliferation of child pornography, P2P software, such as "Limewire," "Bearshare," and "Frostwire" are often used to exchange images of child pornography.

[3] The method used by the P2P networks involves a file encryption method called Secure Hash Algorithm-1 ("SHA-1"). The SHA-1, developed by the National Institute of Standards and Technology ("NIST"), along with the National Security Agency ("NSA"), for use with the Digital Signature Standard ("DSS") is specified within the Secure Hash Standard ("SHS"). The United States of

4

hash values. The investigator was able to "direct connect" to IP address 173.56.113.247 and observe numerous files being offered by the user of said IP address.

4. As a result of this successful "direct connect," a file list was obtained from the user's shared folder that contained numerous titles of video and image files hosted by IP address 173.56.113.247, which were indicative of child pornography. Among others, the investigator was able to download the following image files from IP address 173.56.113.247. These images, which are available for the Court's review, are described as follows:

> a. The still image file "2011 PTHC Falko AWESOME 7yo and 8yo Child porn (35).jpg"
>
> This image depicts two pre-pubescent girls and what appear to be two adult women. One pre-pubescent girl is lying on her back with her legs spread lewdly exposing her vagina. An adult blonde woman is holding one of her legs and has her head between the girl's legs. This girl has her hand in between the legs of the second pre-pubescent girl. This second pre-pubescent girl appears to be

---

America has adopted the SHA-1 hash algorithm described herein as a Federal Information Processing Standard. Digital files can be processed by this SHA-1 process resulting in a digital signature, akin to a fingerprint. By comparing these digital signatures one can conclude that two files are identical with a precision that greatly exceeds 99.9999 percent certainty. Law enforcement officers/agents have researched the work of many in the computer forensic community and have been unable to locate any documented occurrence of two different files having different contents while having the same SHA-1 value.

performing oral sex on the second adult female.

Date/time downloaded: December 11, 2011 at 22:48:04

b. The video file "Pthc 2010 falko-video Film2 part1.mpg"

This video begins with a pre-pubescent female on her hands and knees, facing away from the camera, while an adult woman digitally penetrates the girl's anus and vagina. The scene changes to show a male hand masturbating the girl's vagina. The adult male then uses the pre-pubescent girl's feet to masturbate his penis. The scene changes again to show a pre-pubescent female on a bed with two adult women. An adult woman places handcuffs on the girl. The girl then performs oral sex on one adult woman while the second adult woman performs oral sex on the girl. One adult woman then helps the girl place lubricant on her hands, then helps her to place her fist inside the second adult woman's vagina. The girl then simultaneously masturbates both adult women with her fists. The video concludes with the girl lying on one adult woman while the other woman digitally penetrates the girl's anus.

Date/time downloaded: December 11, 2011 at 23:41:41

c. The still image file "vaginal pedo pthc - Never force a child to sex - Nunca obrigue uma crian_a ao sexo (114).jpg"

This image depicts an adult male having vaginal intercourse with a pre-pubescent female. There is what appears to be blood

on the male's penis. A second young girl in the picture is holding a jar of Vaseline.

Date/time downloaded: December 11, 2011 at 23:43:30

5. On December 14, 2011, a summons was issued to Verizon, for account information related to IP address 173.56.113.247. Verizon responded to the summons and identified the account using IP address 173.56.113.247 during the pertinent time frames described above, as belonging to the account of the defendant EVIDAL IFRAIMOV, at an address in Brooklyn, New York. According to Verizon, defendant EVIDAL IFRAIMOV's account was closed on March 17, 2012. A subpoena sent to Cablevision shows a new account was opened on March 12, 2012 for the defendant EVIDAL IFRAIMOV at the same Brooklyn address (the "Brooklyn Address").

### THE SEARCH OF THE DEFENDANTS' RESIDENCE

6. On June 7, 2012, I and other law enforcement personnel executed a search warrant issued by the Honorable Steven M. Gold, Chief United States Magistrate Judge on the Brooklyn Address. Pursuant to that search, among other items, a desktop computer, several laptop computers, a digital camera, several external hard drives and flash drives were seized from the defendants EVIDAL IFRAIMOV and KARINA SIGALOVSKAYA, located

7

in various rooms of the residence.

7. A partial preliminary computer forensic examination of the computer equipment seized from the defendants' residence has been conducted. Pursuant to that examination, numerous images of apparent child pornography which appear to have been produced by the defendants EVIDAL IFRAIMOV and KARINA SIGALOVSKAYA were discovered. These images include a video of the defendant EVIDAL IFRAIMOV massaging the exposed genitals and thighs of a partially naked pre-pubescent girl; a video of the defendant EVIDAL IFRAIMOV massaging and kissing the exposed genitals and thighs of a partially naked pre-pubescent girl; and an image of a partially naked pre-pubescent girl laying on her back with her legs spread open, exposing her vagina. These images are available for the Court's inspection. A preliminary analysis reveals that these images appear to have been produced between December 6, 2011 and June 7, 2012, both dates being approximate and inclusive, with digital cameras and computer equipment which had previously been mailed, shipped and transported in interstate and foreign commerce.

8. On February 11, 2013, HSI agents went to the residence of the defendants EVIDAL IFRAIMOV and KARINA SIGALOVSKAYA. The defendant KARINA SIGALOVSKAYA was present.

9.  Agents informed the defendant KARINA SIGALOVSKAYA that they wanted to speak with the defendant EVIDAL IFRAIMOV regarding the images of child pornography found on the digital camera seized from the defendants' residence in June 2012. The defendant KARINA SIGALOVSKAYA was shown two redacted images of the child pornography found on the digital camera seized from her residence in June 2012 and was asked if she could identify anyone in the images. The defendant KARINA SIGALOVSKAYA stated, in sum and substance, that the adult male in the images was the defendant EVIDAL IFRAIMOV; that the bedroom in which the images were taken was the bedroom of the defendants' residence; and that she (defendant KARINA SIGALOVSKAYA) was the person who took the photographs.

WHEREFORE, your affiant respectfully requests that the defendants EVIDAL IFRAIMOV and KARINA SIGALOVSKAYA be dealt with according to law.

_____
ABIGAIL P. BRADEN
Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
12th day of February, 2013

AK
GE