SLR:LDM:BGK
FL# 2013R00230

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

-against-

EVIDAL IFRAIMOV,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 21 2013 ★

BROOKLYN OFFICE

PRELIMINARY
ORDER OF FORFEITURE

13-CR-0137 (DLI)

      WHEREAS, on or about November 14, 2013, the defendant, EVIDAL IFRAMOV (the "defendant") pleaded guilty to Count One of the above-captioned Indictment charging a violation of 18 U.S.C. § 2251(a) and to the Forfeiture Allegation contained therein; and

      WHEREAS, the defendant has consented and agreed to forfeit all of his right, title and interest in the following property pursuant to 18 U.S.C. § 2253: (i) one Western Digital external hard drive, model number WD2500BEVT and serial number WXG1A6015129; (ii) one Fujifilm FinePix 2800 zoom digital camera, serial number 22A06123; (iii) a Smartmedia media card, model number K9S1208V0M-SSB0 and serial number 7MH704GC; and (iv) a silver/black, Dell OptiPlex 360 Desktop computer with serial number CQ1BCK1 (collectively, the "Forfeited Property"), as property that constitutes: (a) visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; (c) property, real or

personal, used or intended to be used to commit or to promote the commission of said offense or property traceable to such property; and/or (d) as substitute assets pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY, ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States all of his right, title and interest in the Forfeiture property pursuant to 18 U.S.C. 2253 and/or 21 U.S.C. § 853(p).

2. The United States Attorney's Office shall publish notice of this Order, in accordance with 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), consistent with the custom and practice in this district, on the government website, www.forfeiture.gov, and of its intent to dispose of the Forfeited Property in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Property as a substitute for published notice as to those persons so notified.

3. Upon entry of this Order, the United States or his designee, including the Department of Homeland Security, Homeland Security Investigations, is authorized to seize the Forfeited Property, to conduct any proper discovery in accordance with Fed. R .Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statues governing third party rights, including giving notice of this Preliminary Order.

4. Any person, other than the defendant, asserting a legal interest in the Forfeited Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the

validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Property in any administrative or judicial proceeding. If the Forfeited Property, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeited Property not forfeited pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The defendant shall execute any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Property. The forfeiture of the Forfeited Property shall not be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the properties forfeited hereunder. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7.  This Preliminary Order shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

8.  Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposal in accordance with law.

9.  The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: Brooklyn, New York
       November 21, 2013

S/ Dora L. Irizarry

_____
HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE